### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL SWINFORD, JR., | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No. 07-1138 |
| SALVATION ARMY SAFETY NET, PEORIA RESCUE MISSION, PEORIA COMMUNITY CORRECTIONS, and THE ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## O R D E R

This matter is presently before the Court on Petitioner, Daniel Swinford's ("Swinford"), Complaint that purports to be brought pursuant to 42 U.S.C. § 1983. However, for the reasons stated below, the Court finds that this action is more appropriately construed as a petition for writ of habeas corpus. Swinford's Complaint is DISMISSED WITHOUT PREJUDICE to refiling it as a habeas corpus petition in the court overseeing his supervised release, and all pending motions are MOOT.

**Background**

Swinford is on parole from the Illinois Department of Corrections and was directed to report to the Salvation Army Safety Net program for a supervised transition. Although he indicates that he was paroled from Dixon Correctional Center in Dixon, Illinois, he does not indicate whether he continues to be supervised out of Dixon (which is located within the Northern District of Illinois), or whether he is currently under the supervision of corrections staff in another location. This case attempts to challenge the conditions of his current


confinement in the community corrections program and asks for his place of confinement to be changed from the Salvation Army program to the Peoria Rescue Mission program.

Although Swinford has styled his Complaint as an action under § 1983, he is actually challenging determinations made during his parole proceedings and, therefore, the conditions of his custody as imposed by the Illinois Department of Corrections. While he is no longer incarcerated, it is well-established that "'custody' does not require physical confinement," and challenges to probation, supervised release, and parole proceedings have been held to be cognizable in habeas. Cochran v. Buss, 381 F.3d 637, 640 (7th Cir. 2004), citing Jones v. Cunningham, 371 U.S. 236 (1963); Wilkinson v. Dotson, 544 U.S. 74, 89 (2005).

Here, Swinford asks that the parole officer's decision assigning him to one program and denying his request to transfer to another program be reversed. Thus, Swinford's Complaint is more appropriately brought as a petition for writ of habeas corpus in either federal or state court in the district in which the corrections officers supervising his parole are located. Swinford' Complaint is therefore DISMISSED WITHOUT PREJUDICE to refiling in the appropriate court as a petition for writ of habeas corpus, and all pending motions are MOOT.

ENTERED this 11th day of June, 2007.

        s/ Michael M. Mihm  
        Michael M. Mihm  
        United States District Judge